UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRINA J. BRILL,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>           Defendant. | Case No. C09-1328-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Trina J. Brill seeks judicial review of the denial of her application for Supplemental Security Income by the Commissioner of the Social Security Administration ("Commissioner"). Dkt. 3. Plaintiff argues the ALJ erred by (1) rejecting the opinions of Dr. Greg S. Sanders, a treating physician, (2) discounting plaintiff's credibility, (3) failing to follow SSR 96-8p in assessing plaintiff's residual functional capacity, and (4) improperly relying upon the Medical-Vocational Guidelines to find plaintiff not disabled. Dkt. 13 at 1. For the reasons below, the Court recommends that the Commissioner's decision be **REVERSED** and this case be **REMANDED** for further proceedings.

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is currently 48 years old, has a high school education and past work experience

REPORT AND RECOMMENDATION – 1

as a cashier at Payless drug store. Tr. 68, 501, 74. On February 24, 2005, plaintiff protectively filed for Supplemental Security Income alleging disability beginning July 1, 2002. Tr. 65-67. Her application was denied initially and upon reconsideration. After a hearing conducted on April 11, 2008, the Administrative Law Judge ("ALJ") issued a decision on May 24, 2008, finding plaintiff not disabled. Tr. 14, 46. On July 28, 2009, the Appeals Council denied plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 5.

## II.  THE ALJ'S DECISION

Applying the five-step[1] sequential evaluation process for determining whether a claimant is disabled, the ALJ found plaintiff has not engaged in substantial gainful activity since February 3, 2005, the application date. Tr. 19.

At step two, the ALJ found plaintiff has the following severe impairments: obesity, degenerative disc disease of the lumbar spine, and left shoulder calcific tendonitis and mild degenerative disease of the acromioclavicular joint. *Id.*

At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.[2] *Id*. at 23.

The ALJ next found plaintiff has the residual functional capacity ("RFC"):

> [T]o lift and/or carry 20 pounds occasionally and 10 pounds frequently.She can stand and/or walk for at least two hours in an eight-hour workday. The claimant can sit for about six hours in an eight-hour workday. She should avoid reaching overhead with the left arm. The claimant can occasionally crouch and crawl, but should not climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to extreme cold, vibration, and hazards.

*Id*. at 24.

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920.
[2] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION – 2

At step four, the ALJ found plaintiff is unable to perform any past relevant work. *Id.* at 27.

And at step five, the ALJ found, considering plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff can perform and that plaintiff was thus not under disability from February 5, 2005, through the date of the decision. *Id.* at 28-29.

## III.  STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that the Court must uphold.  *Id.*

## IV.  DISCUSSION

**A.    The ALJ's evaluation of Dr. Sander's Opinion**

Plaintiff contends the ALJ improperly discounted Dr. Sanders' opinion.  Normally, more weight should be given to the opinion of a treating physician than to a non-treating physician,

REPORT AND RECOMMENDATION – 3

and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where a treating physician's opinion is not contradicted by another physician, the ALJ may reject it only for "'clear and convincing reasons.'" *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where a treating physician's opinion is contradicted, the ALJ may not reject it without providing "'specific and legitimate reasons' supported by substantial evidence in the record for doing so." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of the facts and evidence, and making findings. *Magallanes*, 881 F.2d at 751. The ALJ must do more than offer his conclusions; he must also explain why his interpretation, rather than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

In a 2008 medical source statement (MSS), Dr. Sanders opined that plaintiff had numerous physical limitations. Tr. 488. The ALJ gave no weight to this opinion on the grounds it "was predicated on the claimant's subjective complaints with relatively minor findings throughout the record, and is inconsistent with [Dr. Sanders'] prior assessments." Tr. 26-27. These reasons are not supported by substantial evidence in the record.

Dr. Sanders indicated, the "medical/clinical findings" upon which he based his MSS opinions are "9/2004 MRI herniation lumbar disc," and "chronic lumbar pain/chronic pain syndrome." Tr. 489. The MRI is objective medical evidence, not a "subjective complaint," and the ALJ points to nothing in the record showing the MRI results were erroneous or that plaintiff's herniated disc did not cause plaintiff pain.

Next, rejecting a treating physician's opinion on the grounds that it was "based on

REPORT AND RECOMMENDATION – 4

1  relatively minor findings throughout the record" is not the type of specific, legitimate reason
2  based on substantial evidence in the record that the Court requires when the opinion of a treating
3  physician is rejected.  *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995), *see also*
4  *Embrey*, 849 F.2d at 421-22.  (The ALJ must do more than offer a conclusion; the ALJ must
5  explain why he, rather than the doctor, is correct.).

6  And finally, the opinions in the MSS are not inconsistent with Dr. Sanders' prior
7  opinions.  The Commissioner contends Dr. Sanders' MSS opinion that plaintiff needed to
8  "periodically alternate between sitting and standing to relieve pain" is inconsistent with his prior
9  opinions because this opinion does not appear in doctor's 2004 to 2007 DSHS evaluations.  Dkt.
10 14 at 14-15.  This argument might make sense if Dr. Sander's prior opinions indicated plaintiff
11 had no problems with standing and sitting.  But this is not the case.  Dr. Sanders repeatedly noted
12 in his prior evaluations that plaintiff had limitations that would significantly interfere with
13 performing work-related activities of sitting, standing, walking, lifting and carrying.  Tr. 190,
14 200, 446, 463, and 469.  There is nothing inconsistent with the MSS opinion of needing to
15 alternate sitting and standing and these prior limitations.  Accordingly, the Court concludes the
16 ALJ erred in giving Dr. Sanders' 2008 opinion no weight.

17 As noted above, Dr. Sanders performed five DSHS physical evaluations of plaintiff and
18 opined that plaintiff was capable of performing sedentary work.  Tr. 26-27.  The ALJ assigned
19 some weight to these opinions.  *Id.*  The Commissioner concedes that the ALJ erred in only
20 giving some weight to these opinions but argues the error is harmless because the "ALJ's RFC
21 assessment fairly accounts for Dr. Sanders's credible opinions."  Dkt. 14 at 12.

22 The Ninth Circuit recognizes that harmless error can occur in the Social Security context.
23 *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Where the ALJ provides a number of

REPORT AND RECOMMENDATION – 5

1  justifications for his decision, only some of which constitute error, the Court must determine
2  whether the remaining legitimate justifications provide substantial evidence supporting the ALJ's
3  decision. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The
4  key issue is "whether the ALJ's underlying decision remains supported, in spite of any error, and
5  not whether the ALJ would necessarily reach the same result on remand." *Carmickle v. Comm'r*
6  *of Soc. Sec. Admin.*, 533 F.3d 1155, 1163 n. 4 (9th Cir. 2008).

7  However, where the ALJ ignores competent evidence and fails to provide reasons for
8  rejecting the evidence at issue, an error is harmless only if the court "can confidently conclude
9  that no reasonable ALJ, when not making the same error as the ALJ, could have reached a
10 different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56
11 (9th Cir. 2006), *see also Carmickle*, at 1162-63.

12 Here, the Commissioner argues the ALJ "limited plaintiff to sedentary work" and also
13 "assessed limitations in reaching, crouching, crawling, and climbing (Tr. 24) consistent with Dr.
14 Sanders's opinion." Dkt. 14 at 13. However, these limitations do not account for all of the
15 limitations noted by Dr. Sanders in his 2004 – 2007 DSHS assessments which also included
16 sitting, standing, walking, lifting, carrying, handling, pulling, pushing, bending, and stooping.
17 Tr. 190, 200, 446, 463, and 469. Additionally, the Commissioner concedes the ALJ failed to
18 take into account the limitations Dr. Sanders noted in the MSS report in assessing plaintiff's
19 RFC. As discussed above, the ALJ erred in rejecting the limitations noted in the MSS report.
20 Accordingly, as the ALJ's analysis did not take into all of plaintiff's limitations, the Court
21 concludes the ALJ's error is not harmless.

22 **B.      Plaintiff's credibility**
23 Plaintiff contends the ALJ "failed to provide 'clear and convincing' reasons to reject

REPORT AND RECOMMENDATION – 6

plaintiff's testimony." Dkt. 11 at 11.  Whether a claimant's subjective symptom testimony should be accepted involves a two step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms.  Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.  *Smolen*, 80 F.3d at 1284.  The ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient.  *Smolen*, 80 F.3d at 1284.  The ALJ may consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains.  *Id*. at 1284.

Here, there are no allegations that plaintiff was malingering, so the ALJ was required to provide clear and convincing reasons for rejecting her testimony.  The Court finds the ALJ failed to meet this burden.

The ALJ posed multiple reasons for rejecting plaintiff's testimony.  First, the ALJ indicated plaintiff suffers from obesity and that despite recommendations that she lose weight and increase her activity, she has not lost any weight. Tr. 25.  The Commissioner argues this is a proper basis for discounting plaintiff's testimony by characterizing it as evidence that plaintiff failed to follow prescribed treatment.  Dkt. 14 at 7.  This argument is based on how Dr. Welch

REPORT AND RECOMMENDATION – 7

"encouraged plaintiff to become more active." *Id.*  But encouraging or advising a person to get more exercise is not prescribed treatment.  *See Orn v. Astrue*, 495 F.3d 625, 637 (9th Cir. 2007).  Hence, plaintiff's failure to follow Dr. Welch's encouragement tells the Court little or nothing about plaintiff's credibility.

Second, citing to *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008), the Commissioner argues the ALJ properly rejected plaintiff's testimony because "her complaints of back pain were vague."  Dkt. 14 at 6-7.  In *Tommasetti* the ALJ found the claimant was a "vague witness" which under the ordinary techniques of credibility evaluation is a proper basis to question a witness' credibility.  *Tommasetti* at 1040.  In contrast, the ALJ, here, did not find that plaintiff was a vague witness.  Instead, the ALJ stated plaintiff's "description of her back pain was vague."  Tr. 25.  As the ALJ failed to explain what this means or show that this description is inconsistent with the medical record, the Court concludes this is not a clear and convincing reason to reject plaintiff's testimony.

Third, the Commissioner argues the ALJ properly found plaintiff's "daily activities show that she is more capable than alleged."  Dkt. 14 at 8.  Relying on statements in function reports and plaintiff's hearing testimony, the ALJ found plaintiff was the primary caregiver for her mother; that plaintiff washed dishes, did laundry, vacuumed, carried firewood, made beds, shopped, set the table, watched T.V. and enjoyed doing word search puzzles.  Tr. 25.  The record does not support the conclusion that these activities establish plaintiff is more capable than alleged.

The ALJ found plaintiff was the primary caregiver of her mother based on a third-party function report dated May 5, 2005.  Tr. 96.  That report stated plaintiff cared for her mother who "just had back surgery."  Tr. 89.  There is no indication plaintiff cared for her mother before the

1  surgery or how long plaintiff cared for her mother after the surgery. However, plaintiff submitted

2  a function report on July 5, 2005, indicating she was not caring for anyone. Tr. 99.

3  Plaintiff testified she vacuumed five rooms and needed to stop and rest after vacuuming

4  each room. Tr. 511. Vacuuming she testified makes her pain worse. Tr. 512. She testified she

5  did dishes but needed to lean on the sink, restrict herself to small motions, and take breaks every

6  five minutes due to back pain. Tr. 510. She stated she could bring firewood into the house but

7  could only carry one stick at a time over a distance of five feet and that lifting things makes her

8  pain worse. Tr. 512.

9  The ALJ also rejected plaintiff's testimony that she had difficulty using her hands based

10 on the lack of medical evidence establishing she has hand problems, and plaintiff's testimony

11 that she enjoyed working with hands on crafts and jewelry. Tr. 25-26. This paints a picture of a

12 person with no limitations related to the use of hands. Plaintiff's testimony paints a different

13 picture. Plaintiff testified she made jewelry as a hobby but that had lost the ability to work with

14 small items and was limited to 30 minutes before she began having problems with her hands. Tr.

15 518. In addition, Dr. Sanders opined that plaintiff had limitations in handling. Tr. 200, 446, 463,

16 469.

17 And finally, the ALJ rejected plaintiff's testimony on the grounds she has "virtually no

18 work history" and because she told Dr. Sanders she told him she feels she could do some kind of

19 sedentary work but not "standing" as a cashier as she did in past jobs. Tr. 429. These are not

20 clear and convincing reasons to reject plaintiff's testimony. The first reason overlooks plaintiff's

21 full time work from 1998 to 2002 as a cashier at Payless Stores and other shorter term jobs she

22 held in the past. Tr. 74, 500, 506-07. And the second reason is not, as the Commissioner argues,

23 evidence that plaintiff can work as the ALJ found. That is because what plaintiff said and what

REPORT AND RECOMMENDATION – 9

the ALJ found she do are two different things.  Plaintiff said she could not perform a job that involved "standing."  The ALJ found plaintiff could perform the full range of sedentary work and made no mention about limitations to standing.  Tr. 28.

**C.     Plaintiff's residual functional capacity**

Plaintiff argues the ALJ erred in assessing plaintiff's RFC.  First, plaintiff argues the ALJ erred in failing to address how plaintiff's obesity affects her ability to work.  Dkt. 19.  The Commissioner contends, and the Court agrees, that the ALJ properly addressed the impact of plaintiff's obesity on her RFC.  The ALJ recognized plaintiff's obesity as a severe impairment that affected her RFC.  In evaluating plaintiff's RFC, the ALJ stated "claimant's primary difficult is her obesity, which complicates her other impairments."  Tr. 25.  The ALJ noted that plaintiff's "obesity contribute[s] to the claimant's back pain."  *Id.*  Accordingly, the Court concludes the ALJ properly considered plaintiff's obesity in his overall assessment that plaintiff was capable of sedentary work.

Second, plaintiff argues the ALJ erred in failing to consider all of Dr. Sander's opinions.  The Court, as discussed above, agrees the ALJ failed to account for all of Dr. Sander's opinions in evaluating plaintiff's RFC with the exception of chronic headaches.  Dr. Sanders did not diagnose plaintiff as suffering from chronic headaches or treat her for that condition.

And lastly, citing to *Erickson v. Shalala,* 9 F.3d 813, (9th Cir. 1993), plaintiff argues the ALJ erred in rejecting her testimony that her medications made her drowsy.  Dkt. 13 at 20.  In *Erickson,* the ALJ erred by failing to consider all of the factors that might have a significant impact on an individual's ability to work.  *Erickson*, at 818.  This error was not committed here because the ALJ considered plaintiff's testimony that her medications made her drowsy.  The ALJ rejected the testimony on the grounds that there is nothing in plaintiff's medical records

REPORT AND RECOMMENDATION – 10

indicating this side effect. Tr. 26. The Court finds no error in this assessment.

### D.      Medical-Vocational Guidelines

Plaintiff argues the ALJ erred in to relying on the Medical-Vocational Guidelines (the "grids") to determine whether there was work that plaintiff could perform despite her impairments. Dkt. 13 at 21. If the grids accurately and completely describe a claimant's impairments, an ALJ may apply the grids instead of taking testimony from a vocational expert. *Holohan v. Massanari*, 246 F.3d 1195, 1208-09 (9th Cir. 2001). If they do not, then the ALJ must also hear testimony from a vocational expert. *Id.*

For claimants found capable of sedentary, light or medium work, the regulations provide three grids, also known as the Medical-Vocational Guidelines, one corresponding to each level of residual functional capacity. The Grids account for the vocational factors of age, education and work experience, which are referred to in the statute. *See* 42 U.S.C.A. § 423(d)(2)(A) (1999). The ALJ determines a claimant's age, education and work experience and reads from the appropriate table and line the conclusion of whether the claimant is disabled. Once the components which mak*e* up the Grids are determined, the Grids themselves direct a conclusion of disabled or not disabled. *See Desrosiers v. Sec'y of Health & Human Services*, 846 F.2d 573, 576-77 (9th Cir. 1988); 20 C.F.R. § 404.1501 et seq ; Part 404, Subpart P, Appendix 2.

The grids are based only on strength factors. *Reddick*, 157 F.3d at 729. *Id*. & n. 11 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e)). Thus they are sufficient only when a claimant suffers only from exertional limitations. *Id.; see* 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 200.00(b),(e). Pain and medication side effects have been recognized as nonexertional limitations. *See Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (examples of non-exertional limitations are pain, postural limitations, or environmental limitations).

REPORT AND RECOMMENDATION – 11

However, the fact that a non-exertional limitation is alleged does not automatically preclude application of the grids. *Desrosiers*, 846 F.2d at 577. The ALJ should first determine if a claimant's non-exertional limitations significantly limit the range of work permitted by his exertional limitations. *Id*. The ALJ must weigh conflicting evidence concerning the claimant's past work experience, education, and present psychological and physical impairments. *Id*. The ALJ then applies the grids to these factors, ensuring that the final determination will be both consistent with other similar cases and expeditious. *Id*.

Here, plaintiff argues the ALJ erred by relying on the grids because plaintiff has significant nonexertional limitations due to "pain, obesity, an inability to sit for prolonged periods, and limited abilities to stoop, reach, and handle." Dkt. 13 at 21. The Court agrees. The ALJ at step five found claimant had the residual functional capacity to perform the full range of sedentary work subject to limits on crouching, crawling, climbing ropes and ladders and avoiding working around dangerous moving machinery. Tr. 28. This erroneously fails to take into account Dr. Sanders' opinions that plaintiff had limitations regarding sitting, standing, walking, lifting, carrying, pulling handling, bending, and stooping; needed to periodically alternate between sitting and standing to relieve pain, and suffered from chronic pain. Accordingly, the Court concludes the ALJ erred by failing to determine if plaintiff's nonexertional limitations significantly limit the range of work permitted by her exertional limitations.

## V. CONCLUSION

For the foregoing reasons, the Court recommends that this case be **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Report and Recommendation. The Court concludes the ALJ erred in evaluating the medical evidence,

REPORT AND RECOMMENDATION – 12

1  plaintiff's credibility, plaintiff's RFC, and in relying solely on the grids in determining whether

2  plaintiff is disabled.  The Court directs the ALJ to reevaluate all the medical evidence and

3  plaintiff's credibility.  The ALJ should (1) reevaluate and further develop the medical evidence

4  in the record; (2) reevaluate Dr. Sanders' opinions and seek from the doctor an updated medical

5  source statement regarding plaintiffs' impairments and limitations; (3) reevaluate plaintiff's

6  credibility; (4) reevaluate plaintiff's RFC; and (5) reevaluate steps four and five of the sequential

7  evaluation process with the assistance of a vocational expert if deemed appropriate.  Plaintiff has

8  also requested the Court direct a different ALJ conduct any further proceedings. Based on what

9  has been submitted, the Court concludes there is an insufficient showing to grant this request.  A

10 proposed order accompanies this Report and Recommendation.

11       DATED this 24th day of March, 2010.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION – 13